IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPCO 1998-D7 PIPESTONE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Nos. 05 C 1024 |
| | ) The Honorable William J. Hibbler |
| MILTON VENTURES, LLP, MOSHE SHALTIEL, RICHARD KUSHNIR, SIMONE SHALTIEL A/K/A SIMONE SARAGOSI, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 18, 2005, CAPCO filed a complaint in this Court alleging that Milton Ventures ("Milton"), Moshe Shaltiel, Richard Kushnir, and Simone Shaltiel, committed: (1) conversion; (2) fraudulent transfer; (3) waste; (4) fraud; and (5) tortious interference with contract. Milton and Shaltiel (hereinafter, "Defendants") filed the instant motion to dismiss CAPCO's complaint based on several grounds: (1) claim preclusion; (2) issue preclusion; (3) failure to state a claim under FRCP 12 (b)(6); and (4) failure to state a claim under Fed. R. Civ. P. 9 (b). In the Reply to their motion, Defendants added a claim that the current action should be stayed pending a determination by a Michigan state court of appeals in a related matter. Both parties apply Illinois law to the tort claims at issue.

### I. Facts

Milton took out a $5.5 million mortgage in July 1998, secured by Milton's shopping center at Pipestone Plaza in Michigan (the "Property") and an assignment of leases and rents. The mortgage

1

and assignment of leases and rents was assigned to CAPCO on December 5, 2000. One of the leases subject to the assignment was between Milton and Kmart Corporation (the "Lease"). On June 29, 2002, after Kmart filed its Chapter 11 petition, Kmart rejected the Lease. In Bankruptcy Court on July 29, 2002, Milton filed proofs of claim against Kmart for future rents arising from Kmart's petition and Lease rejection ("Rent Claims").

Milton defaulted on its loan obligations to CAPCO in August 2002 by ceasing debt service payments, and Milton claims to have received notice of the default on March 12, 2003. On October 6, 2003, Milton assigned the Rent Claims to Kushnir, allegedly without notice to CAPCO. In March 2004, CAPCO purchased the Property at a non-judicial foreclosure sale and filed in Bankruptcy Court a notice of interest ("Notice") in the Rent Claims in order to satisfy the resulting deficiency of $1,526,537.05. On April 29, 2004, Milton filed an objection to the Notice, arguing that the Rent Claims were not owned by CAPCO because they had been transferred to Kushnir. On August 5, 2004, the Bankruptcy Court entered what Defendants alleged was an "agreed" order allowing the Rent Claims in favor of Milton in the amount of $827,214.50, and directing payment on the claims to Shaltiel's daughter, Simone. CAPCO, however, claimed that it had no notice of the so-called "agreed" order, and after a hearing on April 19, 2005, the Bankruptcy Court vacated the August 2004 order.

On April 8, 2004, CAPCO had brought a separate action in Michigan state court against Defendants alleging various claims based on a breach of the assignment of rents. On January 6, 2005, after mediation between the parties, counsel for CAPCO drafted and sent to Milton a settlement agreement which would have released Defendants from any cause of action, known and unknown, in any way relating to the Property. CAPCO, however, ultimately refused to sign the

agreement, and on March 28, 2005, after oral argument, the Michigan court granted Milton's motion to enforce the settlement agreement and release ("Settlement and Release"). On April 11, 2005, upon CAPCO's motion, the Michigan court stayed the action pending appeal.

## II. Legal Standard

In ruling upon a motion to dismiss under Rule 12 (b)(6), the Court must accept the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-30 (7th Cir. 1996). A dismissal under Rule 12 (b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief. *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).

## III. Analysis

### A. Claim Preclusion/Res Judicata

Defendants first argue that CAPCO's claims are barred from further litigation because CAPCO could have raised the issues in the Michigan state court action. "Res judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. To apply the doctrine of res judicata, three elements must exist: (1) judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action between both suits." *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995) (internal citations omitted). This Court need not consider the extrinsic evidence Defendants attached to their motion because it is evident from the face of the pleadings that Defendants' claim preclusion argument fails.[1] The Michigan state court did not issue a final

---

[1] If the district court considers matters outside the pleadings in connection with a motion to dismiss, it must treat the motion as one for summary judgment. *Fleischfresser v. Directors of Sch. Dist. 200*, 15 F.3d 680, 684 (7th Cir.1994). As this Court declined to consider the extrinsic

3

judgment on the merits because on April 11, 2005, the state court entered an order staying the effectiveness of the March 28, 2005 order. Defendants do not expressly acknowledge this order, but "[t]he district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Serv.s*, 29 F.3d 280, 284 (7th Cir. 1994) (allowing judicial notice of earlier publicly filed state court documents). While Defendants may be correct that under Michigan law a state trial court judgment pending appeal is final, this does not render final a judgment that was specifically stayed by court order. Therefore, Defendants' motion to dismiss based on claim preclusion is denied.

### B. Issue Preclusion/Collateral Estoppel

As with Defendants' claim preclusion argument, the Court declines to consider the extrinsic evidence attached to Defendants' motion to dismiss because it is evident from the face of the pleadings that Defendants' issue preclusion argument fails. "The collateral estoppel doctrine bars the relitigation of an issue of law or fact that was litigated and decided in a prior case between the same parties or their privies." *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). Defendants argue that CAPCO is barred from litigating the current claims because the Bankruptcy Court's August 2004 order resolved the Rent Claims. This order, however, was vacated by the Bankruptcy Court on April 19, 2005. Therefore, this order has no preclusive effect on the current litigation.

### C. Conversion

Defendants next allege that CAPCO fails to state a claim for conversion on the grounds that CAPCO does not own the Rent Claims. Defendants also allege that CAPCO does not allege

---

evidence, this motion remains a motion to dismiss.

conversion with sufficient particularity under Fed. R. Civ. P. 9(b). "To prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson*, 184 Ill.2d 109, 114 (1998). Furthermore, "[i]n order to establish the conversion of money under Illinois law, a plaintiff must show that he had a right to a specific fund or specific money in coin or bills." *Horbach v. Kaczmarek*, 288 F.3d 969, 975 (7th Cir. 2002) (internal citations omitted).

CAPCO has sufficiently stated a claim for conversion. The Rent Claims constitute a specific fund, as Illinois courts have held that a plaintiff may state a claim for conversion based on an alleged impairment of the plaintiff's security interest. *See Fonda v. Gen. Cas. Co. of Ill.*, 279 Ill. App. 3d 894, 905 (1 Dist. 1996). CAPCO claims that it had a lien and security interest in the Rent Claims when Milton filed them in July 2002, and when Milton defaulted on its loan obligations in August 2002, CAPCO's ownership interest in the Rent Claims fully vested. After CAPCO demanded possession of the Rent Claims, CAPCO alleges that Defendants wrongfully assigned the Rent Claims to Kushnir. Therefore, Defendants' motion to dismiss this Count is denied.

### D. Fraudulent Conveyance

Defendants also allege that CAPCO does not state a claim for fraudulent conveyance with sufficient particularity under Fed. R. Civ. P. 9(b). CAPCO, however, has sufficiently alleged facts and law to state a claim for fraudulent transfer, as demonstrated by CAPCO's allegations of several of the representative "badges of fraud" listed in the Uniform Fraudulent Transfer Act. 740 ILCS § 160/5(b). CAPCO alleges: (1) the transfer was to an insider, Kushnir; (2) the debtor, Milton,

retained possession or control of the property after the transfer; (3) the transfer was concealed; (4) before the transfer was made, Defendants had been sued or threatened with suit; (5) Defendants removed or concealed assets; and (6) Defendants transferred the essential assets of the business to Kushnir, who transferred the assets to an insider or debtor, Simone Shaltiel. Therefore, Defendants' motion to dismiss this Count is also denied.

### E. Waste

Defendants next argue that CAPCO fails to state a claim for waste because waste can only occur when there is physical damage to real estate. Defendants misstate Illinois law. Waste is not limited to physical damage to property. *Hausmann v. Hausmann*, 231 Ill. App. 3d 361, 366-67 (5th Dist. 1992). A plaintiff, like CAPCO, may maintain an action in waste when a mortgager wrongfully impairs the plaintiff's security interest. *Application of Busse*, 124 Ill. App. 3d 433, 441 (1st Dist. 1984). CAPCO has sufficiently asserted an injury to its alleged interest in the Rent Claims. Therefore, Defendants' motion to dismiss CAPCO's waste claim is denied.

### F. Common Law Fraud

Defendants allege also that CAPCO does not state a claim for fraud with sufficient particularity. Indeed, CAPCO does not sufficiently plead fraud. Under Illinois law, to establish liability for fraud, the plaintiff must establish the following elements: "'(1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance.'" *Renovitch v. Kaufman*, 905 F.2d 1040, 1049 (7th Cir. 1990) (quoting *Bd. of Educ. v. A, C & S, Inc.*, 131 Ill.2d 428 (1989)). Although CAPCO points to a fraudulent transfer case as evidence that fraud need not be plead so particularly, CAPCO's

6

mere allegation that Defendants "embarked on a multifarious scheme to cheat, surprise, and trick and deceive CAPCO," is insufficient to state a claim for fraud. Therefore, Defendants' motion to dismiss Count IV of CAPCO's complaint is granted without prejudice.

### G. Tortious Interference With Contract

Defendants finally argue that CAPCO's complaint fails to state a claim against them for tortious interference with contract because Milton cannot interfere with its own contract; and Shaltiel, as a manager of Milton, cannot interfere with Milton's contracts. Defendants are correct that Milton cannot tortiously interfere with its own contract, and this claim is dismissed with prejudice with respect to Milton.

This Court, however, cannot dismiss the tortious interference with contract claim against Shaltiel. The Illinois Limited Liability Company Act, 805 ILCS 180/13-5 (b) states that:

> Each manager is an agent of the company for the purpose of its business, and an act of a manager, including the signing of an instrument in the company's name, for apparently carrying on, in the ordinary course, the company's business or business of the kind carried on by the company binds the company, unless the manager had no authority to act for the company in the particular matter and the person with whom the manager was dealing knew or had notice that the manager lacked authority.

Shaltiel is not an agent of Milton as a matter of law. It remains a question whether Shaltiel: (1) was "carrying on, in the ordinary course, the company's business or business of the kind carried on by the company;" (2) had authority to act for Milton on the particular matter at issue; and (3) was acting inconsistent with the interests of Milton and out of a desire for personal gain. *HPI Health Care Serv.s, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 159 (1989) (A defendant who is protected by a privilege is also unjustified in using illegal means to induce a breach of contract). Therefore, Defendants' motion to dismiss this count against Shaltiel is denied.

### H. Abstention

Defendants raised an additional claim in their Reply brief, that the Court should abstain from this action pending the outcome of the appeal of the Michigan state court decision. The Court allowed this new claim and gave CAPCO the opportunity to respond to the claim in a Surreply. "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "district courts may be obligated not to decide state law claims (or to stay their adjudication) where one of the abstention doctrines articulated by this Court applies." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 174 (1997). To make this determination, this Court need not hypothesize on the outcome of the appeal of the Michigan decision as the parties ask it to do. None of the abstention doctrines apply in this case. Some of the circumstances surrounding CAPCO's allegation of a fraudulent transfer arose after the Michigan state court decision, and thus the Michigan decision could not be determinative of that issue. The Bankruptcy Court did not vacate the order setting forth resolution of the Rent Claims until April 19, 2005, a month after the Michigan state court order and eight months after CAPCO brought its claims in Michigan. In addition, Kushnir was not a party to the Michigan suit. Therefore, this Court will not abstain from this case.

## IV. Conclusion

Defendants Milton Ventures and Moshe Shaltiel's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Defendants' Motion to Dismiss Count IV of CAPCO's complaint, purporting to allege fraud, is granted without prejudice. Defendants' Motion to Dismiss Count V, alleging tortious interference with contract, is granted with prejudice with regard to Milton only. The remainder of Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

_7/13/05_
Dated

The Honorable William J. Hibbler
United States District Court